**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 14, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JACOB GRAVES, a/k/a Jacob German,

    Defendant - Appellant.

No. 24-7051
(D.C. No. 6:23-CR-00156-RAW-1)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

    Jacob Graves was indicted on one count of being a felon in possession of a

firearm, in violation of 18 U.S.C. § 922(g)(1), and one count of eluding a peace officer in

Indian country, in violation of 18 U.S.C. § 13; Okla. Stat. tit. 21, § 540A(A), (B).  He

moved to dismiss the firearm offense on the ground that § 922(g)(1) is facially

unconstitutional under the Second Amendment.  The motion was denied.  Mr. Graves

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may
be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

pled guilty to both offenses.  He was sentenced to 48 months in prison followed by three years of supervised release.

On appeal, Mr. Graves renews his argument that § 922(g)(1) is facially unconstitutional under the Second Amendment, citing *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), and *United States v. Rahimi*, 602 U.S. 680 (2024). Our precedent forecloses this argument.  We rejected a constitutional challenge to § 922(g)(1) in *United States v. McCane*, 573 F.3d 1037 (10th Cir. 2009).  And while Mr. Graves's case was pending on appeal, we decided that *McCane* remains good law after *Bruen* and *Rahimi*.  *See Vincent v. Bondi*, 127 F.4th 1263, 1265-66 (10th Cir. 2025).

Given *Vincent*'s holding that *McCane* remains binding, we affirm the district court's judgment.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge

2